PARTICULARIZED COMPLAINT FOR CIVIL ACTION N° 3:19CV00860



## LIST OF DEFENDANTS

1) GAIL H. BARB, CLERK   CLERK OF CIRCUIT COURT OF FAUQUIER COUNTY

2) KEVIN GERRITY, DEPUTY PUBLIC DEFENDER

**PARAGRAPH I**    PLAINTIFF WAS ARRESTED BY MARYLAND STATE TROOPERS IN ANNE ARUNDEL COUNTY MARYLAND. PLAINTIFF WAS ADVISED OF AND GIVEN COPIES WARRANTS FROM FAUQUIER COUNTY. FAUQUIER CO. ASKED THAT I BE DETAINED FOR THEM. SINCE FEB 19, 2016 THE FAUQUIER CO AUTHORITIES HAVE KNOWN PLAINTIFF'S WHEREABOUTS.

**PARAGRAPH II**    ON FEB 1, 2017 PLAINTIFF WAS TRANSFERED INTO THE MARYLAND DEPT OF CORRECTIONS CUSTODY TO SERVE A 3 YEAR TERM OF CONFINEMENT IMPOSED BY QUEEN ANNE COUNTY MD. DEPT OF CORRECTIONS CONTACTED FAUQUIER CO. AUTHORITIES CONCERNING THEIR WARRANT AND WAS DIRECTED TO DETAIN PLAINTIFF FOR THEM. MILLER V. COMMONWEALTH 29 VA. APP. 625, 573 S.E. 2d 896 (1999) "DETAINER" CONTEMPLATED BY THIS SECTION (53.1-210) OF CODE OF VIRGINIA) IS NOTIFICATION FILED WITH INSTITUTION IN WHICH A PRISONER IS SERVING A SENTENCE ADVISING THAT HE IS WANTED TO FACE PENDING CRIMINAL CHARGES IN ANOTHER JURISDICTION."

**PARAGRAPH III**    ON MARCH 10, 2017 PLAINTIFF WAS GIVEN OFFICIAL NOTIFICATION OF DETAINERS PENDING AGAINST HIM. THIS NOTIFICATION WAS GIVEN BY MR UKPABI A CASE MANAGER FROM THE

**PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860**

| | |
|---|---|
| PARAGRAPH III CONT'D | Maryland Transition Center a facility within the Dept of Corrections of MD. This plaintiff was being housed there. This notification contained a list of jurisdictions and their case no's that had pending criminal charges against Plaintiff. Fauquier Co. was a part of this list. On April 6, 2017 at my parole hearing Maryland Parole Commission recommended I be sent (paroled) to my detainers in Virginia. Dec 20, 2017 I was officially paroled to Virginia to answer their detainers. Plaintiff was housed in Henrico County Jail. |
| PARAGRAPH IV | On April 10, 2018 Plaintiff was transported to Fauquier Co to arraignment hearing. Kevin Gerrity appointed as representing attorney from Public Defenders Office. May 29, 2018 Plaintiff was sentenced to a 2 year term of confinement. In October 2018 I requested a copy of sentencing order. Included in Plaintiff's sentencing order was a directive that "<u>the defendant shall be given credit for time spent in confinement while awaiting trial pursuant to Virginia Code 53.1-187</u>." Virginia Code 53.1-187 "<u>Credit for time spent in confinement while awaiting trial</u>." "Any person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person ... in a state or local correctional facility awaiting trial..." <u>Durkin v. Davis</u> 390 F Supp. 249 E.D. VA (1975) "It is now the law in the Fourth Circuit that an individual convicted of a crime has a constitutional entitled to pre-conviction confinement sentence credit..." |

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860

**PARAGRAPH I** PLAINTIFF MADE SEVERAL ATTEMPTS BY CORRESPONDENCE TO OBTAIN AUTHORIZED CREDITS FROM FAUQUIER CO. CLERK OF COURT OFFICE, PUBLIC DEFENDERS OFFICE AND FAUQUIER CO ADULT DETENTION CENTER RECORDS DEPT. EACH OFFICE DENIED REQUEST

**PARAGRAPH II** PLAINTIFF WAS SENTENCED TO A 2 YEAR TERM OF CONFINEMENT BY HON. JUDGE PARKER. PLAINTIFF IN NOT RECIEVING TIME CREDITS THAT WERE A PART OF HIS SENTENCING ORDER. ESSENTIALLY PLAINTIFF ORIGINAL SENTENCE START DATE SHOULD HAVE REFLECTED A DATE OF MARCH 10, 2017 THE DATE PLAINTIFF RECIEVED NOTIFICATION OF DETAINERS WHILE IN DEPT OF CORRECTIONS MARYLAND. PLAINTIFF'S 2 YEAR SENTENCE FROM MARCH 2017 THROUGH MARCH 2019 WITH GOOD CONDUCT ALLOWANCE PLAINTIFF SERVING 87% OF SENTENCE EXPIRATION WOULD TAKE PLACE APPROX. DEC 2018. PLAINTIFF BEING DENIED CREDIT PURSUANT TO 53.1-187 PLAINTIFF RELEASE DATE WILL NOW OCCUR APPROX JAN 2023

## PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860

### 5TH AMENDMENT

"... NOR BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW..."

**DEFENDANT #1** | GAIL H. BARB, CLERK
CLERK'S OFFICE CIRCUIT COURT OF FAUQUIER COUNTY VIRGINIA

PLAINTIFF WROTE DIRECTLY TO THE CLERKS OFFICE (PARA #5) IN JULY 2019 SEEKING CREDIT THAT WAS APART OF SENTENCING ORDER. (PARA 4) CLERK RESPONDED BY DENYING REQUEST AND DIRECTING HIM TO ANOTHER AGENCY STATED WAS NOT THE CLERK'S RESPONSIBILITY TO DEAL WITH CREDITS FOR TIME SERVED. PLAINTIFF AGAIN WROTE TO CLERK BARB ASKING AGAIN FOR CREDITS AS THE AGENCY SHE DIRECTED ME TO DIRECTED ME BACK TO THE CLERKS OFFICE. AGAIN CLERK DENIED PLAINTIFFS REQUEST. CLERK LETTER STATED "THE JUDGEMENT OF THE COURT IS CONTAINED IN THE ORDER" ADMITTING IT WAS THE CLERK'S RESPONSIBILITY (SEE ENCLOSED LETTER) (SEE PARAGRAPH #4,5)

**LIABILITY** | THE FACT THAT CLERK OF COURT BARB NEGLECTED TO HONOR THE DIRECTIVE OF 53 1-187 ON PLAINTIFF'S SENTENCING ORDER AN OFFICIAL COURT DOCUMENT THAT SHE IS THE CUSTODIAN OF. THE FACT THAT CLERK BARB OFFICE TWICE SENT PLAINTIFF TO OTHER AGENCIES WHOM WERE NOT RESPONSIBLE FOR THE PLAINTIFF'S REQUEST. THE FACT THAT CLERK OF COURT BARB IN ONE OF THE REPLIES IT WAS

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV8600

**LIABILITY CONT'D**  ADMITTED THAT IT WAS THE RESPONSIBILITY OF THE CLERK THAT WHATEVER WAS CONTAINED IN THE SENTENCING ORDER WAS WHAT THE COURT ORDERED YET FAILED TO HONOR PLAINTIFFS REQUEST. CLEARLY DEPRIVING PLAINTIFF'S PURSUIT OF LIFE AFTER INCARCERATION WITHOUT CREDITS PLAINTIFF IS STILL INCARCERATED THEREBY FORCING PLAINTIFF TO SERVE HIS 2 YEAR SENTENCE TWICE. PLAINTIFF'S LIBERTIES HAVE BEEN TAKEN AWAY AS WELL GUARANTEEING THAT PLAINTIFF WILL NOT HAVE HIS DUE PROCESS OF THE LAW.

**DEFENDANT #II**  KEVIN GERRITY DEPUTY PUBLIC DEFENDER

KEVIN GERRITY WAS APPOINTED BY THE DISTRICT COURT OF FAUQUIER COUNTY ON APRIL 10, 2017 (SEE PARA 4) AT PLAINTIFF'S ARRAIGNMENT HEARING. IN SUBSEQUENT VISIT WITH MR GERRITY PLAINTIFF CONTINUOUSLY DISCUSSED TIME CREDITS SEE PARA 4,5,6) MR GERRITY INFORMED PLAINTIFF THAT HE SHOULD RECIEVE CREDITS AND THAT PLAINTIFF WAS ENTITLED TO THEM SINCE PLAINTIFF HAD BEEN CONTINUOUSLY IN CUSTODY. PLAINTIFF ASK MR GERRITY TO SEEK CONFIRMATION AT TRIAL. MR GERRITY NEVER QUESTIONED THE JUDGE OR PROSECUTION ON THE SUBJECT OF CREDITS WHILE AWAITING TRIAL (SEE PARA 2,4). PLAINTIFF WROTE TO MR GERRITY AT HIS PUBLIC DEFENDERS OFFICE (SEE PARA 5) SEEKING INFO ON CREDITS MR GERRITY NEVER RESPONDED.

| DEFENDANT #2 LIABILITY | PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860 |
|---|---|

Mr Gerrity had a responsibility to gain the best position possible for plaintiff. Mr Gerrity led plaintiff to believe plaintiff was going to recieve he was going to secure time credits. Mr Gerrity failed to argue for clarification of time credits when plaintiff specifically told him to seek answers. Plaintiff wrote to Mr Gerrity after his sentencing about time credits. Mr Gerrity never responded. Plaintiff had to enter reconsideration motion pro se as Mr Gerrity would not respond to contact attempts. Plaintiff sent copies of motion to Mr. Gerrity.

As a result of Mr Gerrity's action plaintiff have been deprived of exercising is right to a timely return to society. Plaintiff liberties has been restricted. Mr Gerrity being an officer of the court knew about 53.1-187 yet failed to attempt to obtain clarification from courts even after plaintiff instructed him to do so. Mr Gerrity has exhibited a clear disregard for plaintiff's case which has limited plaintiff's due process. Mr Gerrity has allowed the Fauquier Co authorities to deprive plaintiff's ability to pursue his life and liberties. Mr Gerrity has allow Fauquier Co authorities to treat plaintiff with cruelty and unusual punishment by having plaintiff serve a 2 year term of confinement twice.

"PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860"

## 8TH AMENDMENT

"FURTHER GUARANTEES IN CRIMINAL CASES"
"... NOR CRUEL AND UNUSUAL PUNISHMENT."

**DEFENDANT #1** — GAIL H. BARB, CLERK OF CIRCUIT COURT FOR FAUQUIER COUNTY VIRGINIA

ON SEVERAL OCCASIONS PLAINTIFF CONTACTED CLERK SEEKING TIME CREDITS THAT WERE PART OF MY SENTENCING ORDER (SEE PARA 4) CLERK INSISTED THAT IT WAS NOT HER OFFICE'S RESPONSIBILITY AND CONSTANTLY REDIRECTED PLAINTIFF TO OTHER AGENCIES/DEPTS. THESE DEPTS. QUICKLY DIRECTED ME BACK TO CLERKS OFFICE

CLERKS OFFICE CONTROLS ITEMS ENTERED ON TO CASE DOCKET. CLERK HAD FIRST HAND KNOWLEDGE OF WHEN WARRANT WAS ISSUED AS WELL AS WHEN DETAINER WAS ISSUED AND ALL OTHER PERTINENT INFORMATION THAT WOULD BE LISTED INVOLVING PLAINTIFFS CASE (SEE PARA 1,2,3)

CLERK RECIEVE PLAINTIFFS' MOTION FOR RECONSIDERATION FILED PRO SE. CLERK HAD KNOWLEDGE OF REASONS FOR MOTION AS WELL AS PLAINTIFF ATTEMPTS TO GAIN TIME CREDITS FROM §53.1-187 OF THE CODE OF VIRGINIA (SEE PARA 6) CLERKS CONSTANT HANDLING OF SENTENCE ORDERS AND THE FACT THAT THE VIRGINIA ASSEMBLY WAS RESPONSIBLE FOR §53.1-187 AND IN "MCBRIDE V. COMMONWEALTH, 480 S.E. 2d 126, 128 (VA APP 1997)

**DEF #1 CON'T'D**

Particularized complaint for Civil Action Number 3:19CV860 "A court speaks through it's orders and those orders are presumed to accurately reflect what transpired." as well as in <u>Burton v. Commonwealth, 255 S.E. 2d 485, 488 (Va. App. 2014)</u> "...right to receive a credit for the time he served while awaiting trial is not speculative. Nor is it discretionary." Clerk had obligation to know the courts business

**DEF 1 LIABILITY**

As Clerk of the Court Ms Barb has the responsibility to be aware of Virginia laws. To uphold them not only for the prosecution side but for the defense as well. Clerk failed plaintiff on this case and several times by denying plaintiffs lawful request Clerk exhibit cruel and unusual punishment towards plaintiff. Because of Clerks negligence in performing her duties plaintiff will in essence be serving the 2 year sentence imposed on him twice again cruel and unusual punishment handed out by an officer of the court

**DEF #2**

Kevin Gerrity. Deputy Public Defender Fauquier Co.
Mr. Gerrity was assigned to represent plaintiff by Fauquier County Courts. Mr Gerrity and plaintiff held several discussion about plaintiffs case and time credits while plaintiff was in Fauquier Co Adult Detention Center. Mr Gerrity acknowledged to plaintiff that

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860

**DEF#2 CONT'D** PLAINTIFF WAS ENTITLED TO CREDITS (SEE PARA 4). PLAINTIFF DIRECTED MR GERRITY SEVERAL TIMES TO SEEK CONFIRMATION OF CREDITS. AT PLAINTIFF'S TRIAL MR GERRITY NEVER PETITIONED THE COURTS ABOUT PLAINTIFF'S TIME CREDITS.

PLAINTIFF WROTE SEVERAL LETTERS TO MR GERRITY AFTER HIS TRIAL MR GERRITY NEVER RESPONDED. (SEE PARA 5)

**DEF#2 LIABILITY** MR GERRITY'S BLATANT DISREGARD FOR PLAINTIFF'S INSTRUCTIONS CONCERNING HIS TIME CREDITS IN THE INITIAL STAGES OF HIS CASE. MR GERRITY'S IGNORING PLAINTIFF'S DIRECTIVE TO ASK JUDGE DURING HIS SENTENCING ABOUT TIME CREDITS. MR GERRITY'S DISREGARD OF ANSWERING PLAINTIFF'S LETTERS AFTER HIS SENTENCING, WHICH PROMPTED PLAINTIFF TO FILE MOTION FOR RECONSIDERATION PRO SE. WHICH WAS MR GERRITY'S JOB. AS PLAINTIFF'S REPRESENTATIVE, MR GERRITY HELD A RESPONSIBILITY TO WORK ON BEHALF OF PLAINTIFF'S BEST INTERESTS. BECAUSE OF MR GERRITY'S ACTIONS IN TOTAL PLAINTIFF WILL SERVE SENTENCE IMPOSED ON HIM TWICE MR GERRITY HAS REPRESENTED CRUELLY TOWARDS PLAINTIFF HE HAS IGNORED HIS RESPONSIBILITY AS A PUBLIC DEFENDER TO DEFEND AND HAS ALLOWED UNUSUAL PUNISHMENT TO OCCUR MR GERRITY HAS ALLOWED AND CAUSED PLAINTIFF TO FORFEIT 2 EXTRA YEARS OF HIS LIFE TO THIS PENAL SYSTEM

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860

## 14TH AMENDMENT

DEFENDANT #1  GAIL BARB, CLERK OF COURT FOR FAUQUIER COUNTY VIRGINIA

AS CLERK OF COURT MS BARB HAS THE RESPONSIBILITY OF CASE RECORDS. ALL ENTRIES ARE DOCUMENTED BY THE CLERK OF COURT. MS BARB SHOULD HAVE KNOWN AND HAD RECORDS OF PLAINTIFF ARREST AND DETAINERS. (PARA 1,2,3)

AFTER PLAINTIFF'S SENTENCING ON MAY 25, 2018 MS BARB POSITION ALLOWED HER TO RECIEVE AND VIEW COURTS FINAL SENTENCING ORDERS. IN MS BARB'S POSITION SHE SHOULD BE AWARE OF THE CODES OF VIRGINIA. IN MS. BARB'S POSITION SHE SHOULD BE AWARE OF CODE OF VIRGINIA 53.1-187. AS IT IS A DIRECTIVE OF THE VIRGINIA ASSEMBLY AND IS GENERALLY ON ALL SENTENCE ORDERS. (PARA 4)

AS CLERK OF THE COURT MS BARB'S POSITION WOULD HAVE ACCESS TO WHEN DETAINERS WERE FIRST LODGED THEREBY WHEN POTENTIAL TIME CREDITS WOULD START. (PARA 1,2,6)

CLERK BARB WAS INFORMED SEVERAL TIMES BY CORRESPONDENCE FROM PLAINTIFF OF HIS INTENTIONS TO OBTAIN TIME CREDITS THAT WERE A PART OF PLAINTIFF SENTENCING ORDERS EACH (PARA #5)

DEF# LIABILITY  AS A RESULT OF CLERK BARB NEGLECT IN HER POSITION AND RESPONSIBILITIES LED TO HER COUNTLESS REJECTIONS OF PLAINTIFF CLAIMS OF CREDITS DUE. CLERK BARB'S DISREGARD

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860

DEF #1 LIABILITIES CONT'D OF AN OFFICIAL STATUE SET FORTH IN THE CODE OF VIRGINIA CLEARLY PRODUCE THE PREVENTION OF PLAINTIFF RIGHTS TO HIS LIBERTIES AFTER FULFILLING HIS IMPOSED SENTENCE. CLERK BARB'S IGNORING OF A COURT ORDER DIRECTIVE DENIED PLAINTIFF THE PROTECTION UNDER THE CODE OF VIRGINIA 53.1-187 CLERK BARB'S DIRECT ACTION FAILED TO PRODUCE THE IMMUNITIES THAT 53.1-187 WAS INSTITUTED FOR. CLERK BARB'S ACTION HAS FORCED PLAINTIFF TO SERVE THE IMPOSED SENTENCE TWICE.

DEFENDANT #2   KEVIN GERRITY ASST. PUBLIC DEFENDER:

AS AN OFFICER OF THE COURT MR GERRITY POSITION OF PUBLIC DEFENDER PLACED THE PLAINTIFF AT HIS MERCY IN DISCUSSING PLAINTIFF'S CASE ON SEVERAL OCCASIONS (PARA 4,5,6) PLAINTIFF INFORMED MR GERRITY OF HIS UNDERSTANDING OF CREDIT FOR THE TIME THAT HE HAS BEEN IN CUSTODY (PARA 1,2) SINCE HE HAS BEEN IN CUSTODY SINCE 2016. MR GERRITY ASSURED PLAINTIFF IF HIS RIGHTS. MR GERRITY ALLOWED PLAINTIFF'S CASE TO PROCEED FROM START TO FINISH WITHOUT EVER MENTIONING PLAINTIFF'S RIGHTS TO TIME CREDITS. MR GERRITY IGNORED LETTERS REQUESTING HELP IN OBTAINING CREDITS FROM CLERK OF COURT (PARA 5) MR GERRITY'S POSITION SHOULD HAVE KNOWLEDGE ABOUT STATUE 53.1-187 AS THIS STATUE IS IN MOST SENTENCING ORDERS AS A DIRECTIVE FROM THE VIRGINIA ASSEMBLY 1995 OF VA ATT'Y GEN 47! A PRIOR OPINION OF THE ATTORNEY GENERAL CONCLUDES THAT IT WAS THE INTENTION OF THE GENERAL

**DEF #2 CONT'D**

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV866

ASSEMBLY THAT AN INMATE BE GIVEN CREDIT FOR ALL TIME SPENT IN JAIL AWAITING TRIAL REGARDLESS OF THE JURISDICTION.."

"1972-1973 OP OF VA. ATTY GEN 313: THERE IS NO QUESTION THAT A PERSON CONVICTED IS ENTITLED TO CREDIT FOR TIME SPENT AWAITING TRIAL... THE LEGISLATURE HAS MADE NO DISTINCTION AS TO THE LOCATION OF THE JAIL IN WHICH INDIVIDUAL IS CONFINED..."

AFTER SENTENCING MR GERRITY CEASED ALL CONTACT WITH PLAINTIFF. NOT UNTIL OCT 2018 DID MR GERRITY CONTACT PLAINTIFF AFTER PLAINTIFF HAD FILED A MOTION PRO SE TO RECONSIDER HIS SENTENCE MR GERRITY INFORMED PLAINTIFF HE HAD FORWARD A COPY OF MOTION TO THE CLERK OF COURT. MR GERRITY'S COPY WAS A COURTESY COPY.

**LIABILITY DEF #2**

AS AN OFFICER OF THE COURT MR GERRITY IS EXPECTED TO BE FAMILAR WITH THE LAW MR GERRITY SOLE PURPOSE WAS TO DEFEND PLAINTIFF. MR GERRITY DRIVE WAS TO GET PLAINTIFF TO ACCEPT COMMONWEALTH PLEA OFFER. MR GERRITY FAILED TO REPRESENT PLAINTIFF BY NOT CARRYING OUT PLAINTIFF DIRECTIVE TO SEEK TIME CREDITS WHILE AWAITING TRIAL. BECAUSE OF MR. GERRITY'S INACTIONS FAILING TO REPRESENT PLAINTIFF CORRECTLY MR GERRITY DENIED PLAINTIFF OF PRIVELEDGES AND THE IMMUNITY THAT IS AFFORDED TO HIM UNDER THE LAW FURTHERMORE HIS NOT SEEKING TIME CREDITS ORDERED IN ESSENCE ALLOWS THE FAUQUIER CO AUTHORITIES TO FORCE PLAINTIFF TO SERVE THEIR 2 YEAR SENTENCE TWICE

of #2 LIABILITIES
CONT'D

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860
THEREBY VIOLATING THE DUE PROCESS CLAUSE, PRIVELEDGE
AND IMMUNITIES CLAUSE AS WELL AS THE EQUAL
PROTECTION CLAUSES OF PLAINTIFF'S CIVIL RIGHTS

"DURKIN V. DAVIS 390, F SUPP, 249 (E.D VA 1975) REV'D ON OTHER GROUNDS
538 F 2d 1037 (4TH CIR 1976)

" THE RIGHT TO SENTENCE CREDIT IS BOTTOMED SQUARELY
UPON THE 14TH AMENDMENT TO THE UNITED CONSTITUTION"


DURKIN V. DAVIS 390, F SUPP 249 E.D. VA (1975)
" THE 6TH AMENDMENT MADE OBLIGATORY UPON THE STATES
THROUGH THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT
REQUIRES THAT A CONVICTED PERSON BE GIVEN CREDIT TOWARDS
HIS SENTENCE FOR ALL PRE-CONVICTION CONFINEMENT SERVED."

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860

RELIEF:

PLAINTIFF CONTENDS THAT AS A DIRECT RESULT OF FAUQUIER COUNTY'S ACTIONS HE HAS BEEN DEPRIVED OF HIS RIGHT TO RETURN TO HIS LIFE AND LIBERTIES. THIS PLAINTIFF RECIEVES SOCIAL SECURITY BENEFITS WHEN IN SOCIETY. A PART OF THESE BENEFITS IS MEDICAL INSURANCE. PLAINTIFF HAS MULTIPLE LIFE-THREATENING HEALTH ISSUES DIABETIC (INSULIN DEPENDENT) PULMONARY EMBOLISMS, RESPITORY PROBLEMS, COPD TO NAME A FEW. AS A RESULT OF IGNORING CODE OF VIRGINIA 53.1-187 THAT IS A PART OF PLAINTIFF'S SENTENCING ORDER PLAINTIFF HEALTH ISSUES HAS ESCULATED PARTLY BECAUSE OF THE MEDICAL STAFF IN THIS FACILITY LACK OF EXPERIENCE IN DEALING WITH PLAINTIFF'S MYRAID OF HEALTH ISSUES. COUPLE THAT WITH PLAINTIFF CONTRACTING OF THE CORONAVIRUS WHILE IN THIS FACILITY. (MAY 27, 2020) IF PLAINTIFF HAD RECIEVED TIME CREDITS PLAINTIFF WOULD HAVE BEEN RELEASED THE PREVIOUS YEAR.

ALTHOUGH PLAINTIFF RECIEVES SOCIAL SECURITY PLAINTIFF PARTICIPATES IN THE PROGRAM RIGHT TO WORK. THIS IS A PROGRAM RAN BY THE SOCIAL SECURITY ADMINISTRATION THAT ENABLES RECEIPTANTS TO WORK WHILE RECIEVING BENEFITS. FAUQUIER COUNTY'S NEGLIGENCE HAS RESULTED IN PLAINTIFF'S LOSS OF INCOME AND BENEFITS FOR OVER 1 YEAR AND COUNTING.

AS A RESULT OF FAUQUIER COUNTY'S REFUSAL TO PROVIDE CREDITS PLAINTIFF SUFFERED LOSS OF SON IN APRIL 2019.

PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV860

**RELIEF CONT'D** PLAINTIFF WAS UNABLE TO ATTEND SERVICES BECAUSE OF FAUQUIER COUNTY LODGING A DETAINER AGAINST HIM. IF CREDITS HAD BEEN PROVIDE PLAINTIFF'S SENTENCE WOULD HAVE EXPIRED APPROX DEC 2018

PLAINTIFF IS SEEKING TO HAVE TIME CREDITS GIVEN AND SENTENCE COMPLETED. PLAINTIFF IS SEEKING REIMBURSEMENT OF LOSS OF SOCIAL SECURITY BENEFITS AS WELL AS LOSS OF INCOME FROM RIGHT TO WORK PROGRAM.

SOCIAL SECURITY BENEFITS MONTHLY $1100.00
RIGHT TO WORK INCOME MONTHLY $1200.00