IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GEORGE EVERETT MCPHERSON,
Plaintiff,

v.                                                            Civil No. 3:19cv860 (DJN)

FAUQUIER COUNTY, *et. al.*,
Defendants.

## MEMORANDUM OPINION

George Everett McPherson, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. The action proceeds on the Particularized Complaint. (ECF No. 15.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, McPherson's claims and the action will be dismissed for failure to state a claim and as legally frivolous.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the

elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (indicating an unwillingness to "require[e] district courts to assume the role of advocate for a *pro se* plaintiff" by addressing unraised issues); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  ALLEGATIONS

On May 11, 2020, the Court directed Plaintiff to file a particularized complaint. (ECF No. 10.) McPherson complied with that directive. (ECF No. 15.) In his Particularized Complaint, names as Defendants, Gail H. Barb, Clerk of the Circuit Court of Fauquier County, and Kevin Gerrity, a public defender in Fauquier. (*Id.* at 1.) McPherson alleges the following:[1]

> Plaintiff was arrested by Maryland State Troopers in Anne Arundel County, Maryland. Plaintiff was advised of and given copies of warrants from Fauquier County. Fauquier Co. asked that I be detained for them. Since Feb. 19, 2016, the Fauquier Co. authorities have known Plaintiff's whereabouts.
> On February 1, 2017, Plaintiff was transferred into the Maryland Dept. of Corrections custody to serve a 3-year term of confinement imposed by Queen Anne County, Md. Dept. of Corrections contacted Fauquier Co. authorities concerning their warrant and was directed to detain Plaintiff for them. . . .
> On March 10, 2017, Plaintiff was given official notification of detainers pending against him. This notification was given by Mr. Ukdabi a case manager from the Maryland Transition Center, a facility within the Dept. of Corrections of Md. This Plaintiff was being housed there. This notification contained a list of jurisdictions and their case nos. that had pending criminal charges against Plaintiff. Fauquier Co. was a part of this list. On April 6, 2017, at my parole

---

[1]  The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations from the Particularized Complaint. The Court omits any paragraph numbering, miscellaneous headers, and emphasis in its recitation of the Particularized Complaint.

3

hearing, Maryland Parole Commission recommended I be sent (paroled) to my detainers in Virginia. December 20, 2017, I was officially paroled to Virginia to answer their detainers. Plaintiff was housed in Henrico County Jail.

On April 10, 2018, Plaintiff was transported to Fauquier Co. to [his] arraignment hearing. Kevin Gerrity [was] appointed as representative attorney from [the] Public Defender's Office. [On] May 28, 2018, Plaintiff was sentenced to a 2-year term of confinement. In October 2018, I requested a copy of [the] sentencing order. Included in Plaintiff's sentencing order was a directive that "the Defendant shall be given credit for time spent in confinement while awaiting trial pursuant to Virginia Code 53.1–187." . . . .

Plaintiff made several attempts by correspondence to obtain authorized credits from Fauquier Co. Clerk of Court Office, Public Defender's Office, and Fauquier Adult Detention Center Records Dept. Each office denied [Plaintiff's] request.

Plaintiff was sentenced to a 2-year term of confinement by Hon. Judge Parker. Plaintiff, in not receiving time credits that were a part of his sentencing order, essentially Plaintiff's original sentence start date should have reflected a date of March 10, 2017, the date Plaintiff received notification of detainers while in Dept. of Corrections, Maryland. Plaintiff's 2-year sentence from March 2017 through March 2019 with good conduct allowance [with] Plaintiff serving 87% of sentence expiration would take place approx. Dec. 2018. Plaintiff being denied credit pursuant to 53.1–187, Plaintiff's release date will now occur approx. Jan. 2023. . . .

Defendant #1: Gail H. Barb, Clerk
    Clerk's Office, Circuit Court of Fauquier County, Virginia

Plaintiff wrote directly to the Clerk's Office . . . in July 2019 seeking credit that was a part of sentencing order. . . . Clerk responded by denying request and directing him to another agency. [She] stated [that] it was not the Clerk's responsibility to deal with credits for time served. Plaintiff again wrote to Clerk Barb asking again for credits as the agency she directed me to directed me back to the Clerk's office. Again [she] denied Plaintiff's request. [The] Clerk's letter stated: "The Judgment of the Court is contained in the Order, [therefore] admitting it was the Clerk's responsibility. . . .

(ECF No. 15, at 1–4.) McPherson contends that, through the above conduct, Defendant Barb violated his right to due process[2] and his Eighth Amendment[3] rights by subjecting him to a longer term of incarceration than he believes appropriate. (*Id.* at 4, 7–8, 10–11.) With regards to the second Defendant, Kevin Gerrity, McPherson alleges as follows:

> Defendant #II: Kevin Gerrity, Deputy Public Defender
> Kevin Gerrity was appointed by the District Court of Fauquier County on April 10, 2017. . . at Plaintiff's arraignment hearing. In [a] subsequent visit with Mr. Gerrity, Plaintiff continuously discussed time credits . . . . Mr. Gerrity informed Plaintiff that he should receive credits and that Plaintiff was entitled to them since Plaintiff has been continuously in custody. Plaintiff asked Mr. Gerrity to seek confirmation at trial. Mr. Gerrity never questioned the judge or prosecution on the subject of credits while awaiting trial. . . . Plaintiff wrote to Mr. Gerrity at his Public Defender's Office . . . seeking info on credits. Mr. Gerrity never responded.

(*Id.* at 5.) McPherson again argues that Defendant Gerrity's conduct violated his due process rights and his rights under the Eighth Amendment. (*Id.* at 6, 8–9, 11–13.)

McPherson requests "time credits given and sentence completed," as well as monetary damages from lost benefits. (*Id.* at 15.)

### III. ANALYSIS

The Court need not engage in an extended discussion of McPherson's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

---

[2] McPherson contends that his Fifth and Fourteenth Amendment rights to due process were violated. However, because McPherson is alleging that Defendant Barb, a state actor violated his rights, the Fourteenth Amendment serves as the source of the due process rights he alleges were violated here. The Fourteenth Amendment provides: "No *State* shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1 (emphasis added).

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

5

### A. No Challenge to Duration of Sentence in § 1983

"[T]he settled rules [provide] that habeas corpus relief is appropriate . . . when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). Thus, a plaintiff must bring any challenge to the duration of his sentence pursuant to a habeas corpus petition under 28 U.S.C. § 2254. However, a plaintiff may not seek monetary damages under § 2254, nor are monetary damages appropriate under 42 U.S.C. § 1983 where the plaintiff attacks the duration of his sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its *duration*." (emphasis added)).

Here, McPherson clearly challenges the *duration* of his confinement, claiming that he is owed sentencing credit for time-served and, therefore, he should have to serve a shorter period of incarceration. McPherson may not raise such a challenge by way of § 1983. To the extent he wishes to challenge the duration of his sentence, he must do so through a writ of habeas corpus. Accordingly, any claim attacking the duration of his sentence is DISMISSED for failure to state a claim under § 1983.

Moreover, as discussed below, to the extent that McPherson has raised a proper constitutional claim under § 1983, Defendant Barb enjoys quasi-judicial immunity and Defendant Gerrity does not constitute a person amenable to suit under § 1983.

### B. Quasi-Judicial Immunity

Judicial immunity also applies to quasi-judicial officers acting pursuant to court directives. *See Butler v. Johnson*, 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (citing *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)). "[Q]uasi-judicial" immunity shields court officers from the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see McCray v. Maryland*, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks have "derivative immunity" when they act under the direction of the court). Clerks are entitled to quasi-judicial immunity when they perform "judicial act[s] . . . having an integral relationship with the judicial process." *Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (alteration in original) (citation omitted) (internal quotation marks omitted).

Here, McPherson seeks to hold Defendant Barb liable for responding to his letters, informing him that she could not provide him with the relief he sought, and maintaining the court's records. McPherson fails to allege that Defendant Barb's actions fall outside of her judicially mandated duties. Thus, she is immune from suit. *See, e.g., Wymore*, 245 F. App'x at 783 (finding clerk entitled to quasi-judicial immunity when refusing to file inmate's court documents); *Hutcherson v. Priest*, 2010 WL 723629, at *3 (W.D. Va. Feb. 26, 2010); *Butler*, 2007 WL 4376135, at *3. Accordingly, McPherson's claims against Defendant Barb will be DISMISSED as legally frivolous.

### C. A Public Defender is Not a Person Amenable to Suit Under § 1983

McPherson also faults his former defense attorney, Defendant Gerrity, who represented him in his criminal proceedings in Fauquier County, for not pursuing his challenges to the duration of his sentence. However, private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, Defendant Gerrity is not a person amenable to suit in § 1983. Accordingly, McPherson's claims against Defendant Gerrity will be DISMISSED as legally frivolous.[4]

### IV. CONCLUSION

For the foregoing reasons, McPherson's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to McPherson.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 24, 2021

---

[4] To the extent that McPherson faults counsel for some purportedly deficient aspect of his representation, McPherson may bring a Sixth Amendment challenge pursuant to a petition for writ of habeas corpus.